**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 3, 2024

**BY ECF**

The Honorable Nelson Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re: *United States v. James Bazemore,* S2 22 Cr. 234 (NSR)**
***United States v. James Bazemore*, 20 Cr. 573 (NSR)**

Dear Judge Román:

The Government respectfully submits this letter in advance of defendant James Bazemore's sentencing. For the reasons explained below, the Government submits that the stipulated Guidelines sentence of 300 months' imprisonment would be sufficient but not greater than necessary to serve the purposes of sentencing. *See* Final Presentence Investigation Report ("PSR") at 24 (calculating Guidelines sentence as 300 months' imprisonment and recommending 300 months' imprisonment).

## A. Factual Background

This case is about the cold-blooded murder of Tahsheen Williams. During the afternoon on April 30, 2018, James Bazemore met up with two other men in a car in Mount Vernon, New York near the intersection of Madison Street and Union Avenue. While the three men were gathered there, Tahsheen Williams walked in front of the car. As Tahsheen walked by, one of the two men with the defendant stepped out of the car, looked in Tasheen's direction, and then went back inside the car. Shortly afterwards, the defendant exited the car with a gun in his pocket and began following Tahsheen on foot.

The defendant followed Tahsheen for a few blocks until he was immediately behind him. The defendant then drew a gun from his pocket and shot Tahsheen in the back of the head, killing him. The murder happened just blocks from a Mount Vernon school.

After killing Williams, the defendant ran away from the scene of the murder and was eventually driven away from the area. He then went back to his apartment in the Bronx, changed clothes, and went to a laundromat to meet again with the two men he had been with earlier that day just before he murdered Tahsheen. These events were all captured on surveillance video, and the Government has attached as Exhibit A to this memorandum a compilation video that shows

this horrific series of events unfold, beginning with the defendant leaving his apartment before driving to Mount Vernon for the murder and ending at the point where he meets the other two men at a laundromat.

At the time he was murdered, Tahsheen Williams was not armed and was not threatening the defendant. Indeed, it appears from the video that Tahsheen did not even realize that the defendant was following him. This was senseless violence committed in broad daylight in a residential neighborhood in Mount Vernon. The Government anticipates that Tahsheen Williams' mother will appear at the sentencing proceeding and speak about the tragic consequences that have flowed from her son's murder.

While the murder of Tahsheen Williams is the focus of this case, the defendant stands before the Court to be sentenced for other serious crimes as well. He conspired with others to deal narcotics, including crack cocaine, and was found with crack cocaine and drug distribution paraphernalia when he was first arrested in this case, in connection with a parole search of his apartment. PSR ¶ 13. Also when he was arrested, he was found to be in possession of a stolen, loaded 9mm handgun. PSR ¶¶ 13 – 15. Bazemore admitted that the gun was his. PSR ¶ 14.[1]

The defendant committed these crimes after serial run-ins with law enforcement, which have encompassed both crimes of violence and narcotics crimes, some of which have involved lengthy prison sentences. He has four prior drug offenses, including three felony convictions, which shows that the narcotics offense in this case was the continuation of a historical pattern of criminal activity. PSR ¶¶ 48 – 51. Bazemore also has a prior conviction for gunpoint robbery, for which he served a sentence of fifteen years' imprisonment, suggesting that the conduct in that case must have been particularly severe. PSR ¶ 52.

The defendant has had little or no legitimate employment and has abused drugs since his early teenage years. The defendant therefore stands before the Court to be sentenced for the murder of Tahsheen Williams with five felony convictions, a lengthy history of selling drugs, multiple gun offenses, and almost no history of positively contributing to the community.

**B. The Plea and Guidelines Calculation**

On January 12, 2024, the defendant pleaded guilty to a superseding information that charged him two counts of possessing a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g), and conspiracy to distribute narcotics, in violation of 18 U.S.C. § 371. The United States Probation Office ("Probation") calculates the applicable range under the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") as 300 months' imprisonment, based on a total offense level of 40 and a criminal history category of III. This is the same Guidelines range to which the parties stipulated in the plea agreement. *See* PSR ¶¶ 6, 92.

[1] Bazemore was charged with possession of this gun in case number 20-cr-573, which has been consolidated with case number 22-cr-234, the case in which Tasheen Williams' murder was originally charged. The guilty plea Bazemore entered in this case covered the firearms possession charge alleged in the indictment in case number 20-cr-573. At sentencing, the Government intends to dismiss all underlying indictments in case numbers 20-cr-573 and 22-cr-234.

## C. Discussion

### 1. Applicable Law

In addition to the Guidelines, which are not mandatory but must be consulted prior to sentencing, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7). *See Gall v. United States*, 552 U.S. 32, 50 & n.6 (2007).

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### 2. A Guidelines Sentence Is Warranted in This Case

The Government respectfully submits that a Guidelines sentence of 300 months' imprisonment is warranted in this case.

First, the seriousness of the offense and need to provide just punishment weigh in favor of a lengthy sentence. The defendant is responsible for the most serious of offenses—extinguishing a human life for absolutely no reason. And this was not a heat-of-the-moment killing. Tahsheen did nothing to threaten or provoke the defendant. The surveillance video illustrates that the defendant stalked Tahsheen for several blocks, with Tahsheen none the wiser, before the defendant pulled the trigger. In other words, the defendant had ample time to reflect on what he was about to do, and he chose to go forward anyway, in broad daylight just a few blocks to a school.

Citing nothing, the defendant claims that Tahsheen was a drug dealer, apparently in order to minimize the seriousness of this offense. *See* Dkt. 82 at 3. Whether Tahsheen sold narcotics is irrelevant. What matters is that Tahsheen had a right to live the rest of his life, to love his family, contribute to his community, and pursue the things that mattered to him. But Tahsheen will never get to do those things. He will be absent at every gathering, every holiday, every graduation, and every moment of joy and hardship in his family's life. Ripping Tahsheen's life away was a terrible

crime that caused grievous harm to Tahsheen's mother, family, and entire community, and it deserves serious punishment.

Second, there is a compelling need to protect the public from future crimes of the defendant. On April 30, 2018, the defendant decided to execute an unsuspecting victim with no provocation whatsoever. This decision to carry out lethal violence is shocking and underscores that he poses a particularly weighty threat to the community. A Guidelines sentence of 300 months' imprisonment is necessary to protect the public, especially because the defendant has previously faced significant criminal sanctions yet still decided to shoot an innocent person in the back of the head.

In particular, in 2003, the defendant was convicted of committing a gunpoint robbery, and sentenced to fifteen years' imprisonment. That lengthy sentence followed an earlier probationary sentence and a three-year sentence. None of these prior terms of imprisonment deterred the defendant from committing an even more serious violent crime. The defendant's long history of violence, narcotics dealing, and firearms crimes, and his pattern of reoffending, shows that the defendant is a major threat to the public. Consequently, there is a strong public interest in incarcerating the defendant for a long period of time to prohibit him from harming the community through future violent crimes.

Third, general deterrence also weighs strongly in favor of a lengthy sentence. Gun violence and murder increased markedly in 2019 and 2020, which means that more and more young people like Tahsheen have lost their lives to senseless gun violence. That recent spike in violence points to an especially compelling need for general deterrence. The sentence pronounced by this Court will inform the public about the consequences that the federal courts will impose for deadly gun violence. The Government respectfully submits that a Guidelines sentence is necessary in this case to send a clear and unambiguous message to others that deadly gun violence will lead to serious punishment.

To be sure, there are mitigating factors present as well. Bazemore undoubtedly suffered immensely in his childhood and teenage years, as detailed in the PSR and defense submissions, and had significant interactions with the criminal justice system and Child Protective Services. Bazemore's severe trauma has had a lasting impact on his life. PSR ¶¶ 62 – 64. Also, as Probation notes in the PSR, Bazemore's mental health struggles have gone untreated in the past, and Bazemore has expressed a motivation to receive treatment while incarcerated. PSR at 25 and ¶¶ 72 – 75. But none of these circumstances justify or explain the cold-blooded murder that the defendant committed. More generally, the mitigating factors do not outweigh the extraordinarily compelling interests in just punishment, deterrence, and the need to protect the public from future crimes of the defendant. A 300-month sentence for the murder of Tahsheen Williams reflects any leniency that is warranted in light of the mitigating circumstances in this case.

## D. Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a Guidelines sentence of 300 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the purposes of sentencing.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/ Christopher D. Brumwell
Christopher D. Brumwell
Benjamin A. Gianforti
Andrew Jones
Assistant United States Attorneys
(212) 637-2477 / 2490 / 2249

cc: Matthew Galluzo, Esq. (by ECF and E-mail)